***********
The Full Commission reviewed the prior Order, based upon the record of the proceedings before Commissioner Ballance and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Order. Accordingly, the Full Commission affirms the Order of Commissioner Ballance.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 31, 2004, the plaintiff filed a Tort Claim Affidavit with the N.C. Industrial Commission, alleging medical negligence on the part of the defendant's medical department.
2. On July 7, 2004, a telephonic hearing on the plaintiff's claim was held before Commissioner Ballance. At the hearing, the plaintiff was allowed 90 days, up to and including October 7, 2004, to provide the Industrial Commission with an affidavit from a qualified medical expert stating that the medical care he received from the defendant did not comply with the applicable standard of care. The plaintiff was informed that his failure to provide the Commission with the necessary affidavit within the time allowed would result in the dismissal of his claim.
3. The plaintiff failed to provide the required affidavit from a qualified medical expert within the allotted time. To date, no such affidavit has been received by the Commission.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The State is liable in tort only as provided in the Tort Claims Act. Nello L. Teer Company v. State Highway Commission, 265 N.C. 1,143 S.E.2d 247 (1965). The plaintiff has the burden to prove all elements of negligence on the part of an alleged employee of the defendant named in the affidavit of claim. N.C. Gen. Stat. §§ 143-291, 143-297.
2. In cases in which malpractice is alleged, the plaintiff must demonstrate by the testimony of a qualified expert that the treatment administered by the defendant was in negligent violation of the accepted standard of medical care in the community, and that the defendant's treatment proximately caused the injury. See Ballenger v. Crowell,38 N.C. App. 50, 247 S.E.2d 287 (1978). The plaintiff has failed in his burden to provide the testimony of a qualified expert, in the from of an affidavit, stating that the treatment administered by the defendant was in negligent violation of the accepted standard of medical care. Id.; and N.C. Gen. Stat. §§ 143-291, 143-297.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiff's claim is hereby DISMISSED.
2. No costs are taxed as the plaintiff was permitted to file this civil action in forma pauperis.
This 10th day of August 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER